# CIRCUIT COURT OF THE CITY OF RICHMOND

Mark Andrew Anderson

v.

Commonwealth of Virginia

December 5, 2005

Case No. CH03-1934-4

BY JUDGE RANDALL G. JOHNSON

This is an appeal under the Virginia Administrative Process Act (VAPA) of a decision of the Commonwealth of Virginia's Board for Contractors, which denied Mark A. Anderson's application for a tradesman license in heating, ventilation, and air conditioning. Because the court is unable to determine from the Board's decision whether the Board complied with relevant law, the case will be remanded for further findings.

Anderson is a convicted felon and is currently incarcerated. On March 23, 2003, he applied for a tradesman license. By letter dated April 25, 2003, the Board's administrator told Anderson that, because of Anderson's criminal record, he, the administrator, was not authorized to issue the license. The administrator also informed Anderson of Anderson's right to proceed under VAPA.

On August 12, 2003, an informal fact-finding conference was held at Anderson's request pursuant to Va. Code § 2.2-4019. Present at the hearing were Anderson, who participated by telephone, Jeffrey Buckley, a Board staff member, and Robert O. Burch, Jr., a Board member, who presided. Based on the informal fact-finding, Burch prepared a "Summary of the Informal Fact-Finding Conference," in which he recommended that Anderson be granted a

license. In its Final Opinion and Order dated October 9, 2003, however, while "adopt[ing] the Summary and incorporat[ing] it as a part of this Order," the Board denied Anderson's application. This appeal followed.

Virginia Code § 54.1-204, which governs the grant and denial of licenses, such as the one now at issue, specifically provides that "[a] person shall not be refused a license, certificate, or registration to practice, pursue, or engage in any regulated occupation or profession solely because of a prior criminal conviction, unless the criminal conviction directly relates to the occupation or profession for which the license, certificate, or registration is sought." The statute sets out nine factors that must be considered in determining whether a prior conviction "directly relates to an occupation or profession._

The pertinent part of the statute provides:

A. A person shall not be refused a license, certificate, or registration to practice, pursue, or engage in any regulated occupation or profession solely because of a prior criminal conviction, unless the criminal conviction directly relates to the occupation or profession for which the license, certificate, or registration is sought. However, the regulatory board shall have the authority to refuse a license, certificate, or registration if, based upon all the information available, including the applicant's record of prior convictions, it finds that the applicant is unfit or unsuited to engage in such occupation or profession.

B. In determining whether a criminal conviction directly relates to an occupation or profession, the regulatory board shall consider the following criteria:

1. The nature and seriousness of the crime;

2. The relationship of the crime to the purpose for requiring a license to engage in the occupation;

3. The extent to which the occupation or profession might offer an opportunity to engage in further criminal activity of the same type as that in which the person had been involved;

4. The relationship of the crime to the ability, capacity, or fitness required to perform the duties and discharge the responsibilities of the occupation or profession;

5. The extent and nature of the person's past criminal activity;

6. The age of the person at the time of the commission of the crime;

7. The amount of time that has elapsed since the person's last involvement in the commission of a crime;

8. The conduct and work activity of the person prior to and following the criminal activity; and

9. Evidence of the person's rehabilitation or rehabilitative effort while incarcerated or following release.

Anderson argues that the Board's denial of his application violates the statute. The Board disagrees. As noted at the beginning of this opinion, the court is unable to determine from the present record whether the statute was complied with or not.

The Board's Final Opinion and Order consists of one and a half pages and contains four paragraphs. The first three paragraphs set out the procedural history of the case. The fourth paragraph is as follows:

The Board adopts [Burch's] Summary and incorporates it as part of this Order. The Board rejected the recommendation and voted to deny Mark Andrew Anderson a Tradesman license, based upon the record, including the information obtained from the Central Criminal Record Exchange and in consideration of the criteria outlined in § 54.1-204(B). The crimes committed by Mark Andrew Anderson involved moral turpitude. The Board agreed there was no proof that Mark Andrew Anderson has been adequately rehabilitated and can function in society. The Board felt it would be negligent on the part of the Board to grant a license.

The above statement is not sufficient to allow this court to determine whether the provisions of the statute have been followed. The statute makes it clear that a prior conviction, by itself, does not disqualify an applicant for a tradesman license. The statute also makes it clear that certain factors must be considered before granting or denying a tradesman license to a person with a criminal conviction. There is nothing in the above statement to indicate that any of those factors, other than evidence of rehabilitation, were considered. Not only is consideration of just one statutory factor not enough, the Board's opinion also does not say what evidence was considered to support its conclusion that Anderson has not been rehabilitated.

The court also is not impressed with the Board's statement that Anderson's crimes involved moral turpitude. Moral turpitude is not one of the statutory factors, except as it may be part of the first factor: "the nature and

seriousness of the crime." In this regard, the court agrees with Anderson that, if the legislature had intended that conviction of a crime involving moral turpitude be a disqualifying factor in every case, it would have said so. It did not. Instead, the statute speaks to the nature and seriousness of the crime. Indeed, the court cannot imagine a good-faith argument being made that some crimes that do not involve moral turpitude, murder, rape, abduction, etc., are not more "serious" than some crimes that do involve moral turpitude, shoplifting a comic book, passing a $25 bad check, etc.

Finally, the court rejects the arguments contained in the Board's written submissions on appeal attempting to convince the court that all of the statutory factors were considered when Anderson's application was denied. The court recognizes those arguments for what they are: an after-the-fact attempt by the Board's legal counsel to justify the Board's decision. They are not indicative of a proper consideration of the statutory factors by the Board at the time the Board acted. Anderson's application must be reconsidered.

Based on the above, the court will set aside the Board's denial of Anderson's application for a tradesman license and remand the case to the Board for reconsideration of Anderson's application in compliance with Va. Code § 54.1-204 consistent with this opinion.